R. H. FRASER & Co. *v.* JAMES THORPE.—A. W. POREE, Administrator.

A judgment had been obtained by plaintiff against J. T., with privilege on the interest of J. T. in certain goods belonging to the firm of J. T. & Co., which had been attached, and were bonded by J. T. & Co., who had intervened and claimed the goods. J. T. & Co. obtained a judgment recognizing their right to the goods, "subject to the payment of such sum of money as may be shown to be the value of the interest of defendant (J. T.) therein." In an action against the surety, on the bond of J. T. & Co., *Held:* that no judgment could be rendered until the amount of the interest of defendant, J. T., in the property attached was shown.

APPEAL from the First District Court of New Orleans, *Robertson, J.*

*Mott & Frazer,* for plaintiffs. *Hammer & Hays,* for administrator and appellant

LEA, J. (MERRICK, C. J., absent.) The plaintiffs obtained a judgment against *James Thorpe,* with privilege for the payment of the same, upon the

interest of the defendant in certain goods belonging to the commercial firm of *James Thorpe & Co.*, which goods had been seized under attachment, and were released upon a bond furnished by *James Thorpe & Co.*, who claimed the goods as intervenors, and to whom they were delivered. Judgment was rendered in favor of the intervenors, recognizing their right to the property claimed, and decreeing that they recover the same, subject to the payment to the plaintiffs "of such sum of money as may be shown to be the value of the interest of the defendant therein." The effect of this decree, as it is interpreted in the opinion of SLIDELL, C. J., affirming the judgment of the District Court, was to make the firm a trustee of the plaintiffs for any residuary interest in the goods the defendant might have after the liquidation of the partnership affairs. As the intervenors to whom the property was delivered are domiciled in Mississippi, the plaintiffs resorted to their remedy upon the bond given for the release of the property by a rule taken upon the representatives of the surety upon the bond.

It does not appear what was the interest of the defendant, *Thorpe*, in the property attached, and we think that, under such a judgment as that above described, in the absence of any affirmative showing of the extent of *Thorpe's* residuary interest in the property attached, or of any steps taken to liquidate or ascertain the same, no judgment can be rendered against the surety upon the bond given by the intervenors upon a mere return of "*nulla bona*" on a writ of execution against the original defendant. It would in effect convert a contingent into an absolute liability.

The case of *Alley* v. *Hawthorn* is not applicable to that under consideration. In that case the liability of the principal debtor was fixed and liquidated by a judgment; in this case by the very terms of the judgment the liability of the principal upon the bond is dependent upon the liquidation of the affairs of *J. Thorpe & Co.*

Whether, under the circumstances of the case, the intervenors could not, upon proceedings had against them, be compelled either to pay the debt or to establish, contradictorily with the plaintiffs, in the courts of this State, the non-existence of a residuary interest in *Thorpe*, is a question we do not feel called upon to determine; but until some fixed liability in a determinate sum can be shown to be due by the principal in the bond, no judgment can be rendered against the surety.

It is ordered, that the judgment appealed from be reversed, and that the rule taken herein upon the administrator of the succession of *P. A. Owen* be dismissed, without prejudice to the plaintiffs' right to proceed hereafter against said succession for the recovery of any amount for which the said *Owen*, or his legal representatives, would have been, or may be, liable, on his contract of suretyship on the bond referred to in the rule, when such liability shall have been established according to law.

It is further ordered, that the costs of this appeal be paid by the appellee.